French, J.,
dissenting.
{¶ 24} I agree with the majority to the extent that it rejects the court of appeals’ view that “cohabitation” necessarily requires proof that the victim and the offender shared living expenses, such as rent and utilities. As we made plain in State v. Williams, 79 Ohio St.3d 459, 683 N.E.2d 1126 (1997), the first element of cohabitation requires proof that the offender and victim shared in either the “familial or financial” responsibilities of the household. (Emphasis added.) Id. at 465. Nevertheless, I dissent because I believe that the evidence did not show that McGlothan shared in either household responsibility. Robinson’s testimony concerned only the second element of cohabitation, “consortium.” It was neither direct nor circumstantial proof that McGlothan shared in any of the familial or financial responsibilities of the household. Because I would affirm the judgment of the court of appeals, I respectfully dissent.
O’Neill, J., concurs in the foregoing opinion.